IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JUSTIN McCLINTIC CRAIG,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00064 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **AMHERST COUNTY ADULT** | ) | By: James P. Jones |
| **DETENTION CENTER,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Justin McClintic Craig, Pro Se Plaintiff.*

The plaintiff, Justin McClintic Craig, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Craig has complied with financial requirements to proceed without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915. After review of the Complaint, I conclude that this action must be summarily dismissed.

Craig's allegations are sparse:

> I was moved from D-unit to B-unit to cell 20 with a COVID-19 test result negative. They put another offender in the cell . . . who tested positive for COVID-19 in which I contracted COVID-19.
>
> I would like to be financially compensated.

Compl. 2, ECF 1. Craig states that he filed grievances about his complaint and "was told they are following CDC protocol." *Id.* at 1.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Craig names only one defendant in this case: the Amherst County Adult Detention Center ("ACADC"), which is a jail facility of the Blue Ridge Regional Jail Authority ("BRRJA") according to public records online. A local jail facility itself cannot qualify as a *person* subject to being sued under § 1983. *See, e.g., Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks, citation, and alterations omitted); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail.").

To the extent that Craig also names the BRRJA as a defendant, his § 1983 claim fails on the facts he has alleged. Regional jail authorities and other "[l]ocal

governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The plaintiff must show that a policy promulgated by the BRRJA was "the moving force" behind the alleged violation of his rights. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (internal quotation marks and citation omitted). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985).

Craig has not alleged sufficient facts to state the required elements of a claim that the BRRJA had an official policy or custom that placed him at significant risk to contract COVID-19 from his cell mate. Indeed, Craig does not allege that any jail official knew that the offender being placed in the cell with Craig had already been exposed to, or tested positive for, the virus. On the contrary, Craig's own submissions indicate that BRRJA officials had expressed to him their intention to follow safety protocols recommended by the Centers for Disease Control to control the spread of COVID-19.

Because Craig's § 1983 claim cannot proceed against the only defendant he has named, the ACADC, I will summarily dismiss the action without prejudice under

42 U.S.C. § 1997e(c)(1) for failure to state a claim. An appropriate order will enter this day. Such a dismissal leaves Craig free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.[1]

DATED: July 26, 2021

/s/ JAMES P. JONES
United States District Judge

---

[1] The possibility of amending and resubmitting the claims in a new and separate civil action should not be taken as a finding that Craig's allegations, if particularized, might state a proper § 1983 claim against the BRRJA or some persons employed at the jail. An official's merely inadvertent or negligent action or inaction that causes injury is not sufficient to give rise to a constitutional claim and, accordingly, is not actionable under § 1983. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections) (citations omitted).